11 CIV 4859

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

BETTY POSNER,

                                          Plaintiff,

              -against-

THE CITY OF NEW YORK, SERGEANT
CHRISTOPHER KOCH, Shield # 2875, LIEUTENANT
COSTELLO, CAPTAIN STEVEN BRAILLE, POLICE
CHIEF BRIAN CONROY, SGT. McATEER, POLICE
DETECTIVE LISA PASKEWITZ, Shield # 5865,
UNDERCOVER POLICE OFFICER # 2948 (previously #
4325); UNDERCOVER POLICE OFFICER # 3026
(Previously # 2015), POLICE OFFICER VINCENT
KONG, UNDERCOVER POLICE OFFICER # 506,
UNDERCOVER POLICE OFFICER # 5732,
UNDERCOVER POLICE OFFICER # 5372, and POLICE
OFFICERS JOHN DOES # 1-10 (names and number of
whom are unknown at present, and other unidentified
members of the New York City Police Department),

                                          Defendants.

------------------------------------------------------------------- x

11 CIV.

COMPLAINT

JURY TRIAL DEMANDED

ECF CASE

## PRELIMINARY STATEMENT

        1.    This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, Betty Posner was illegally seized and falsely arrested on July 17, 2008 in her personal residence located at 160 East 48th Street in the County and State of New York, without probable cause. Further, defendants maliciously prosecuted plaintiff Betty Posner in violation of the Fourth and Fourteenth Amendments to the

United States Constitution. Plaintiff was deprived of her constitutional and common law rights when the individual defendants unlawfully confined plaintiff, caused the unjustifiable arrest of plaintiff, caused and continued the unlawful prosecution of plaintiff, and failed to intervene to prevent these unconstitutional acts from occurring.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff Betty Posner further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff Betty Posner is a citizen of the United States and a resident of the County of New York, State of New York.

6. New York City Police Officers Sergeant Christopher Koch, Lieutenant Costello, Captain Steven Braille, Police Chief Brian Conroy, Sgt. McAteer, Detective Lisa Paskewitz, Undercover Police Officer #2948 (previously # 4325), Undercover Police Officer #

3026 (previously # 2015), Police Officer Vincent Kong, Undercover Police Officer # 506, Undercover Police Officer # 5732, Undercover Police Officer # 5372; Undercover Police Officer # 3026 and Police Officers "John Does" # 1-10 were at all relevant times hereto officers, employees, and agents of the New York City Police Department and are being sued in their individual and official capacities.

7.      At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

8.      Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

9.      On July 17, 2008, plaintiff Betty Posner was a 56 year old with no prior criminal history.

10. On July 17, 2008, plaintiff Betty Posner had been married for 22 years and cared for a 19 year old son.

11. On July 17, 2008, plaintiff Betty Posner was arrested in her home located at 160 East 48th Street in the County and State of New York, without probable cause.

12. At approximately 11:30 PM on July 17, 2008, twelve to eighteen members of the New York City Police Department entered plaintiff's home.

13. Plaintiff was told that she was under arrest and the NYPD officers ordered her to change from out of her pajamas into street clothes.

14. Plaintiff was handcuffed.

15. Plaintiff was then escorted out of the apartment into a police van, and transported to the 7th Precinct where she was booked, and fingerprinted.

16. Plaintiff was charged with felony crimes of promoting prostitution, money laundering, and falsifying business records.

17. Specifically, plaintiff was accused of promoting prostitution and money laundering at the Hot Lap Dance Club, located at 344 West 38th Street, New York, New York.

18. The charges of falsifying business records were unrelated to the allegations surrounding the Hot Lap Dance Club.

19. Defendants falsely told the New York County Office of The District Attorney that plaintiff was actively involved in running and promoting prostitution within the Hot Lap Dance Club.

20. Plaintiff never worked at the Hot Lap Dance Club, nor did defendants have any evidence that plaintiff promoted prostitution or laundered money through the Hot Lap Dance Club.

21. After spending approximately nine (9) hours at the 7th Precinct without food or water, plaintiff was transported to Manhattan Central Booking.

22. Plaintiff was arraigned at approximately 11:00 a.m. on July 19, 2008 and bail was set at $150,000 bond or cash with the added condition of examination of the surety.

23. Plaintiff was unable to post bail on the day of the arraignment.

24. Unable to post bail, plaintiff was sent to Riker's Island and was placed in a prison population with violent felons.

25. While at Riker's Island in July 2008, the temperature approached 98 degrees and plaintiff who was experiencing menopause, suffered from heat exhaustion, as there was no air conditioning.

26. Plaintiff was afraid for her safety every day that she was in jail.

27. After arraignment, plaintiff remained in jail at the Rose M. Singer facility on Riker's Island for five (5) days during a very hot week in July.

28. On July 23, 2008, plaintiff was released from Riker's Island on her own recognizance because the grand jury failed to indict plaintiff.

29. On September 4, 2008 the grand jury returned an indictment, which did not charge plaintiff with any of the felony crimes for which she was originally arrested and only charged her with misdemeanor offenses of falsifying business records in the second degree.

30. Plaintiff would not have spent five days detained on Riker's Island if she had initially only been charged with misdemeanor offenses of falsifying business records.

31. A grand jury determined that the police officers and prosecutor lacked probable cause to arrest and charge plaintiff with promoting prostitution or money laundering.

32. Defendants initiated the prosecution against plaintiff based upon false statements and misinformation provided by defendants to the District Attorney's Office about plaintiff and her involvement, or lack thereof in Hot Lap Dance Club.

33. Plaintiff returned to Court on or about October 23, 2008 and made approximately twelve (12) additional Court appearances.

34. On April 23, 2010, all charges against plaintiff were dismissed and sealed upon the Motion of the New York County District Attorney's Office.

35. As a result of the false arrest and malicious prosecution of plaintiff, she was unemployed during the pendency of the prosecution against her.

36. On or about May or June, 2010, plaintiff was able to find employment as a real estate agent working on commission.

37. In 2010, plaintiff earned less than $4,000 in commissions from her work as a real estate sales agent.

38. As a result of her false arrest and the malicious prosecution against her, plaintiff is in debt and her credit has been destroyed.

39. Plaintiff had to sell all of her jewelry and personal possessions to raise money for her family to eat.

40. Plaintiff incurred substantial fees from her criminal defense attorney for representation in defending against the criminal charges.

41. The pendency of the Criminal proceedings against plaintiff caused plaintiff severe stress, anxiety, humiliation, and severe damage to plaintiff's reputation.

42. Defendants were involved in the pre-planning and/or execution of the investigation and arrest of plaintiff.

43. Among the defendants, all or some had been in the Hot Lap Dance Club as part of an undercover operation that occurred prior to plaintiff's arrest and they knew that plaintiff had no involvement in the operation of the club.

44. Plaintiff committed no criminal offense or other offense whatsoever and no reasonable police officer could have reasonably and objectively believed that plaintiff committed any criminal offense or any other offense under the law to justify an arrest, incarceration, detention, or prosecution of plaintiff on any charge including but not limited to promotion of prostitution, money laundering, and falsifying business records.

45. Plaintiff had no information as to the basis for her arrest.

46. Plaintiff had no idea about any unlawful or illegal conduct, if any, which was alleged against her.

47. Plaintiff never promoted prostitution and never engaged in money laundering and never falsified business records.

48. Prior to July 17, 2008, defendants did not obtain an arrest warrant for the arrest of plaintiff because defendants lacked an objectively reasonable basis to believe that they had probable cause to believe that plaintiff engaged in any type of criminal conduct.

49. There was no basis for the arrest and prosecution by the New York City Police Officers, each of whom is an agent and employee of the City of New York.

50. In addition to the lack of any basis for the arrest of plaintiff by defendants, there was no reasonable basis to believe that the Hot Lap Dance Club was a brothel or promoted any sort of systemic prostitution business., as New York City Undercover Police Officer # 2948 and Undercover Officer 3026 testified that in the course of their undercover operation at the club

there were a number of times where they reached "negative results" in their attempts to reach prostitution agreements with dancers at the club.

51. There is, in fact, significant doubt as to whether they in fact reached those prostitution agreements with those particular dancers with whom they claim to have reached agreement.

52. Defendants investigatory techniques and procedures were rife with dishonesty and incompetence.

53. There was no justification to handcuff plaintiff, frisk and strip search plaintiff, or detain the plaintiff.

54. Plaintiff was simply arrested because her husband allegedly was involved in operating the Hot Lap Dance Club and defendants knew that they could use the arrest and prosecution of plaintiff to pressure her husband to plead guilty to the crimes he was charged with committing.

55. The actions and conduct herein described were propelled by the NYPD's Vice Crime enforcement initiatives which are grounded in the philosophy that the "ends justify the means" and which encouraged defendants to make the unlawful and unjustified arrest of plaintiff.

56. The individually named defendant police officers provided false information to the Assistant District Attorney and to the Grand Jury to explain why they arrested plaintiff and charged her with crimes.

57. Plaintiff was falsely arrested and subjected to malicious abuse of criminal process and to a malicious prosecution.

## FIRST CAUSE OF ACTION

## Violation of Plaintiffs' Fourth Amendment and

## Fourteenth Amendment Rights

58. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 57 with the same force and effect as if more fully set forth at length herein.

59. The individually named Police Officer Defendants who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned and criminally prosecuted without probable cause in violation of plaintiffs' right to be free from an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

## False Arrest and False Imprisonment

60. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 59 with the same force and effect as if more fully set forth at length herein.

61. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

62. The individually named police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## THIRD CAUSE OF ACTION

### Malicious Prosecution

63. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 62 with the same force and effect as if more fully set forth at length herein.

64. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

65. Defendants commenced and continued a criminal proceeding against plaintiff.

66. There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which she was prosecuted.

67. The prosecution and criminal proceedings terminated favorably to plaintiff.

68. Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate plaintiff's Fourth Amendment rights.

69. The individually named defendant Police Officers were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

70. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FOURTH CAUSE OF ACTION

### Failure to Intervene

71. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 70 with the same force and effect as if more fully set forth at length herein.

72. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in the presence of other officers.

73. Defendants failed to intervene to prevent the unlawful conduct described herein.

74. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subject to false arrest, malicious prosecution, malicious abuse of process and other physical constraints.

75. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## FIFTH CAUSE OF ACTION

### Malicious Abuse of Process

76. The plaintiff repeats reiterates and realleges each and every allegation contained in paragraphs marked 1 through 75 with the same force and effect as if more fully set forth at length herein.

77. Plaintiff was arrested and prosecuted for collateral objectives other than legitimate law enforcement functions including, as a collateral justification, that plaintiff's arrest could be used to pressure her husband to plead guilty for crimes for which he was being prosecuted, rather than utilize the power of arrest and prosecution in its proper probable cause grounded form and fashion based upon an objective and reasonable belief of the arresting law enforcement officer at the time of the arrest that the individual was engaged in unlawful conduct.

78. Simply being married to an individual involved in an alleged crime is not a sufficient basis on which to form the required objectively reasonable probable cause fact based and information belief to arrest an individual thereby propelling a belief that a non legitimate, ancillary purpose was the basis on which the arrest and prosecution of the individual was grounded.

79. Plaintiff was subjected to malicious abuse of criminal process in violation of her rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights act of 1871, 42 U.S.C. Section 1983.

80. Plaintiff suffered injuries and damages as a result of defendants' malicious abuse of process.

## SIXTH CAUSE OF ACTION

### Municipal Liability under 42 U.S.C. § 1983

81. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 80 with the same force and effect as if more fully set forth at length herein.

82. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant City of New York, which is forbidden by the Constitution of the United States.

83. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department included, but were not limited to policies, customs and practices wherein New York City Police Officers, arrest and prosecute individuals without probable cause in order to use the prosecution of the individual as leverage against another individual who is being prosecuted at the same time.

84. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the violation of plaintiff's constitutional rights as describer herein. As a result of the failure of defendant City of New York and the New York City Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

85. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

86. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

87. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully arrested and prosecuted.

88. Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiff's constitutional rights.

## JURY DEMAND

89. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Betty Posner shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

    a.    That the plaintiff recovers the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

    b.    That the plaintiff has such other and further relief as the Court shall deem just and proper.

Dated:    New York, New York
              July 14, 2011

By: _____
DAVID M. HAZAN
STUART E. JACOBS
JACOBS & HAZAN, LLP
Attorneys for Plaintiffs
22 Cortlandt Street, 16th Floor
New York, NY 10007
(212) 419-0363